IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

---------------------------------------------------------x
In the Matter of Complaint of:

DANIEL NORTON and LOU ANN NORTON h/w    CIVIL ACTION
150 Hawthorne Lane                       IN ADMIRALTY
Phoenixville, PA 19460

as Owners of "ONE MORE DAY," a 42-foot    NO.:
2003 Silverton Convertible recreational
vessel, Official No: 1145834, Hull No.:
STNAF 168D203, her tenders, gear, furniture,
tackle, appurtenances, etc.

for Exoneration or Limitation of Liability
---------------------------------------------------------x

## COMPLAINT FOR EXONERATION OR LIMITATION OF LIABILITY

Daniel Norton and Lou Ann Norton (hereinafter "Petitioners") as owners of "ONE MORE DAY," a 42-foot 2003 Silverton Convertible recreational vessel, Official No: 1145834, Hull No.: STNAF 168D203, (hereinafter "the Vessel") by and through their attorneys, Palmer Biezup & Henderson LLP, hereby petitions for exoneration or limitation of liability pursuant to 46 U.S.C. § 30501 et. seq., and in support thereof, aver upon information and belief as follows:

1. This is a proceeding for Exoneration or Limitation of Liability pursuant to 46 U.S.C. § 30501 et. seq., (including, but not limited to, 46 U.S.C. §§ 30505 and 30511) involving admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, as hereinafter more fully appears.

1

PBH642851.1

2. Petitioners are the owners or *pro hac vice* owners of the Vessel that is documented with the United States Coast Guard's National Vessel Documentation Center. Petitioners qualify as owners or others entitled to the protections of exoneration and/or limitation of liability pursuant to 46 U.S.C. § 30501 et. seq.

3. On or about June 9, 2022, the Vessel was docked on navigable waters of the United States in its assigned slip, A-012, located at the Safe Harbor Podickory Point Yacht Club, ("Yacht Club") located at 2116 Bay Front Terrace, Annapolis, Maryland. At all materials times, the Vessel was within waters that were connected to the Atlantic Ocean.

4. At approximately 8:20 p.m. on June 9, 2022, Aaron Franz and James Morrison, who upon information and belief also had boats docked at the Yacht Club, witnessed a fire at the electrical power plug at the Yacht Club into which an electrical power cord from the Vessel had been plugged and on the Vessel. ("Incident").

5. Aaron Franz, James Morrison and an unidentified woman were unable to extinguish the fire on Petitioners' Vessel and called 911 for the fire department and a witness named Doran Miller called Petitioners at approximately 8:30 p.m. to advise them about the fire.

6. The fire engulfed Petitioners' Vessel and eventually spread to several boats docked at slips adjoining the Petitioners' Vessel, and to the finger pier where Petitioners' Vessel had been docked.

7. The fire department arrived at approximately 9:15 p.m., on June 9, 2022, and were able to contain and extinguish the fire within a few hours.

8. By the time the fire was out, however, the Vessel had been totally consumed by the fire and the fire resulted in a total loss of the Vessel and loss of or damage to five (5) other boats in the slips adjoining A-012 and to the Yacht Club's facilities.

9. Prior to the fire, the Vessel had been in use by Petitioners and the Vessel was maintained in excellent condition.

10. The ultimate cause of the fire is under investigation.

11. The fire that damaged the Vessel, the five other boats and the Yacht Club occurred through no fault, act, omission, negligence or unseaworthiness of the Petitioners and/or the Vessel.

12. The Petitioners have been presented and/or expects that it may be presented with claims against them for *inter alia* damage to the Yacht Club's facilities, damage to other boats, and costs for environmental clean-up, although Petitioners specifically deny the value of said claims.

13. There was no freight pending which was due and payable to Petitioners at the time of the Incident.

14. On or about November 30, 2022, Petitioner's insurance carrier received a written claim from Roland Smith, owner of one of the boats damaged in the fire, through his attorney, Christopher D. Buck, Esq., of an intent to make a formal demand for payment in excess of the $59,000.00 payment he received from his insurer as "the payment falls well short of the hull value as refurbished and with new equipment."

15. The Petitioners anticipate that claims asserted against them will exceed the amount of their interest in the Vessel on the date of the casualty.

3

16.     The value of the Vessel after the casualty was determined to be at most $0.00. See Exhibit A, Declaration of Value.

17.     Venue is proper in the District of Maryland because it is the *locus* of operative facts and is where the Vessel was located for the purpose of Rule F(9) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions.

18.     Petitioners used due diligence to make the Vessel seaworthy, and at all relevant times the Vessel was tight, staunch, strong, properly equipped and supplied, and in all respects seaworthy and fit.

19.     The incident and any loss and damages resulting therefrom for which claims may be made against the Petitioners or the Vessel were not caused or contributed to by any fault, neglect, design, or want of due care or due diligence on the part of the Petitioners, the Vessel or anyone for whom the Petitioners may be responsible. The Petitioners state that as a direct result neither they nor the Vessel is liable to any extent in the premises, and the Petitioners desire to claim exoneration from liability for all losses, damages and/or injury, occasioned and incurred by reason of the described incident. The Petitioners have valid defenses to any such claims and are not liable.

20.     Alternatively, and without admitting liability, the above described occurrence and any losses, damages and injuries resulting therefrom for which claims may be made against the Petitioners or the Vessel and all other damages in any many manner arising out of said occurrence were occasioned and incurred without the privity or knowledge of the Petitioners. The Petitioners claim the benefits of the limitation of liability provided in 46 U.S.S. § 30501 et seq.

21. Any liability stemming from the above described occurrence was the result of the actions of others, by the Smartplug power cord or by the Yacht Club's power supply pedestal, and they and its owners are the proximate cause of the fire and resultant damages.

22. There are presently no other known formal demands, unsatisfied liens or claims of liens against the Petitioners or the Vessel in contract, tort, or otherwise arising out of the Incident and no other actions pending or proceedings pending on same so far as known to the Petitioners.

23. This Complaint is timely filed within six months of a receipt of a written claim as required by Rule F(1) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions. It is filed within six months of the first written claim by Roland Smith, dated November 30, 2022.

24. The Petitioners are entitled to exoneration from liability for any and all losses, damages, injuries or destruction done, occasioned or incurred as a result of the Incident and for any and all claims for damages that have been or may hereafter be made. In the alternative, and without admitting any liability whatsoever, the Petitioners aver that they are entitled to the benefit of limitation of liability as provided in 46 U.S.C. § 30501 et seq., and the various statutes supplemental thereto and amendatory thereof.

25. Petitioners are ready, able and willing and hereby offers to provide such security as this Court may direct, including security for costs in the amount of $1,000 in accordance with Local Admiralty Rule (f)(1), by depositing with the Court a bond in approved form.

26. Because the value of Petitioners' interest in the Vessel following the Incident is zero, the security required in support of Petitioners' Complaint amounts to $1,000.

27. All and singular, these premises are true and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

WHEREFORE, Petitioners Daniel Norton and Lou Ann Norton, as the Owners of the subject Vessel, pray:

A. That the Court order Petitioners to file a bond with surety for costs in the amount of $1,000, pending any demand by any claimant for appraisal of Petitioners' interest in the Vessel;

B. That the Court enter an Order directing the issuance of a monition to all persons claiming losses or injuries or damages alleged to have arisen or resulted from the Incident, citing them to appear before this Honorable Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to the laws of this Court on or before a certain time to be fixed by the monition, or be thereafter barred from making any such claims against the Vessel or against Petitioners, their agents, representatives or any person on whose behalf Petitioners may be liable;

C. That the Court enter an Order directing that upon the filing of the said bond for costs, an injunction shall issue restraining the further prosecution of any and all suits, actions and proceedings which may have already begun to recover for alleged losses, injuries or damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioners, their agents, representatives or any other person in respect to any claim or claims arising out of the Incident;

D. That the Court enter judgment in this proceeding (i) that Petitioners are not liable to any extent for any loss, injury or damage nor for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, are entitled to exoneration, or (ii) if Petitioners shall be adjudged liable and if the claims are affirmatively proven, that such liability for all claims is limited to the value of the Petitioners' interest in the Vessel after the Incident and that such value is zero; or in the alternative, if the value of the Petitioners' interest in the Vessel be adjudged to be greater than zero, that Petitioners shall be discharged from all liability upon the surrender of their interest in the Vessel and that the limitation fund shall be divided *pro rata* among any claimants as may duly prove their claims, saving to all any priorities to which they may be legally entitled, and that a decree may be entered discharging Petitioners from all further liability; and

E. That Petitioners may have such other and further relief as this Honorable Court may deem just and proper in the circumstances.

>                Respectfully submitted,
>
>                PALMER BIEZUP & HENDERSON LLP
>
>                By:   /s/Frank P. DeGiulio
>                      Frank P. DeGiulio
>                      222 Prince George Street, Suite 114
>                      Annapolis, MD 21401
>                      fpd@pbh.com
>                      (410)-267-0010
>                      Attorneys for Petitioners
>                      Daniel Norton and Lou Ann Norton

Dated: January 12, 2023

Of Counsel:

> Charles P. Neely, Esq.
> Palmer Biezup & Henderson LLP
> 190 North Independence Mall West, Ste. 401
> Philadelphia, PA 19106

PBH642851.1